

CLERK OF DISTRICT COURT
ORIGINAL NORTHERN DISTRICT OF TX
DIVISION
FILED

2018 NOV -8  PM 4: 36

DEPUTY CLERK_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JANE CUMMINGS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | CIVIL ACTION NO. 4-18-CV-00546-A |
| | § | |
| **TOTAL EYE CARE,** | § | |
| | § | |
| **DEFENDANT.** | § | |

---

## MOTION TO DISMISS PLAINTIFF'S *AMENDED COMPLAINT* (DOCKET NO. 20) FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT[1]

---

Respectfully Submitted,
**FARSHEED FOZOUNI**
Texas State Bar No. 24097705
**JOHN L. ROSS**[2]
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
E-mail: ffozouni@thompsoncoe.com
E-mail: jross@thompsoncoe.com

**ATTORNEYS FOR TOTAL EYE CARE**

---

[1] Pursuant to Local Rule 5.1 Defendant's motion and brief (*see Local Rule* 7.1(d)) are combined in this one document, separately identified herein.

[2] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

TABLE OF CONTENTS

PAGE

INDEX OF AUTHORITIES                                                      iii

MOTION TO DISMISS                                                        1

BRIEF IN SUPPORT                                                         2

   A. INTRODUCTION                                        2

   B. PLAINTIFF'S SPECIFIC ALLEGATIONS                    2

ARGUMENT                                                                 3

I.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S FEDERAL CLAIMS BECAUSE, AS A MATTER OF
LAW, PLAINTIFF LACKS STANDING AND HAS SUFFERED NO
INJURY FOR WHICH THIS COURT CAN PROVIDE RELIEF UNDER
FEDERAL LAW.                                                             3

   A. APPLICABLE LAW—FED. CIV. P. 12(B)(1)                3

   B. PLAINTIFF LACKS STANDING UNDER THE ADA BECAUSE HER PLEADING
      NEGATES THAT SHE HAD ACTUAL KNOWLEDGE THAT DEFENDANT WOULD
      NOT PROVIDE HER WITH A QUALIFIED INTERPRETER    4

   C. PLAINTIFF'S ALSO LACKS STANDING UNDER THE REHABILITATION ACT
      BECAUSE THE ALLEGED FUTURE INJURY IS ENTIRELY SPECULATIVE AND,
      CONSEQUENTLY, CANNOT SUPPORT INJUNCTIVE RELIEF    7

II.

BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION
OVER PLAINTIFF'S FEDERAL CLAIMS, AS A MATTER OF LAW THE
COURT LACKS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S
STATE LAW CLAIM.                                                         7

PAGE

III.

EVEN ASSUMING, ARGUENDO, THE EXISTENCE OF STANDING
AND SUBJECT MATTER JURISDICTION, PLAINTIFF'S AMENDED
COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE
GRANTED.                                                                                    8

A. APPLICABLE LAW—FED. R. CIV. P. 12(B)(6)                                                  8

B. PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER THE ADA BECAUSE SHE
   NOT NECESSARILY ENTITLED TO A CERTIFIED INTERPRETER                                      9

C. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA AND
   REHABILITATION ACT BECAUSE THE LAW DOES NOT GUARANTEE HER
   THE ACCOMMODATION OF HER CHOICE                                                          11

D. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE AFFORDABLE CARE ACT
   BECAUSE SHE WAS NEVER DEPRIVED OF A QUALIFIED INTERPRETER                                13

E. PLAINTIFF FAILS TO STATE A CLAIM UNDER STATE LAW                                         14

IV.

ASSUMING, ARGUENDO, THAT THE COURT HAS SUBJECT
MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS,
BUT THAT THOSE CLAIMS FAIL TO STATE A CLAIM UNDER
RULE 12(B)(6), THE COURT SHOULD DECLINE TO EXERCISE
SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW
CLAIM.                                                                                      14

CONCLUSIONS AND REQUESTED RELIEF                                                            15

INDEX OF AUTHORITIES

PAGE(S)

CASES:

Arbaugh v. Y&H Corp.,
    546 U.S. 500 (2006)                                        3

Arena v. Graybar Elec. Co.,
    669 F.3d 214 (5th Cir. 2012)                               3

Armstrong v. Turner Indus., Inc.,
    141 F.3d 554 (5th Cir, 1998)                               7

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)                                        8-10

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)                                        8-10

Bentancourt v. Federated Dept. Stores,
    732 F.Supp.2d 693 (W.D. Tex. 2010)                         5

Brookshire Bros Holding v. Dayco Prods.,
    554 F.3d 595 (5th Cir. 2009)                               14

Cambell v. Lamar Institute of Technology,
    842 F.3d 375 (5th. Cir. 2016)                              12

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983)                                         7

Cox v. City of Dallas, Tex.,
    256 F.3d 281 (5th Cir. 2001)                               4, 5, 7

Cuvillier v. Taylor,
    503 F.3d 397 (5th Cir. 2007)                               8, 9, 11

Dabney v. Highland Park Indep. Sch. Dist.,
    2016 WL 1273467 (N.D. Tex. Mar. 31, 2016)                  14

Frame v. City of Arlington,
    657 F.3d 215 (5th Cir. 2011)                               11

PAGE(S)

*Harold H. Huggins Realty, Inc. v. FNC, Inc.,*
    634 F.3d 787 (5th Cir. 2011)                            9

*Irwin v. Veterans' Admin.,*
    874 F.2d 1092 (5th Cir. 1989), *aff'd sub. nom.,*
    *Irwin v. Dept. Vet. Affairs,* 498 U.S. 89 (1990)       4

*Kemp v. Holder,* 610 F.3d 231 (5th Cir. 2010)        11

*Liese v. Indian River County Hosp. Dist.,*
    701 F.3d 334 (11th Cir. 2012)                         11, 12

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1962)                                    4, 5

*MacClymonds v. IMI Investments, Inc.,*
    2007 WL 1306803 (S.D. Tex. Apr. 5, 2007)               14

*Martin v. Halifax Healthcare System, Inc.,*
    621 Fed. App'x. 594 (11th Cir. 2015)                   12

*Martinson v. Via Metro. Transit,*
    2006 WL 3062652 (W.D. Tex. Oct. 4, 2006)               15

*Pace v. Bogalusa City Sch. Bd.,*
    403 F.3d 272 (5th Cir. 2005)                           11

*Pickern v. Holiday Quality Foods, Inc.,*
    293 F.3d 1133 (9th Cir. 2002)                          6

*Ramos v. Uber Technologies, Inc.,*
    2015 WL 758087 (W.D. Tex. Feb. 20, 2015)               6

*Robinson v. TCI/US West Comm., Inc.,*
    117 F.3d 900 (5th Cir. 1997)                           4

*S.R.P. v. United States,*
    676 F.3d 329 (3d Cir. 2012)                            4

*Sadik v. Univ. of Houston,*
    2005 WL 1828588 (S.D. Tex. Aug. 1, 2005)               14

|  | PAGE(S) |
|---|---|
| *Simon v. Eastern Ky. Welfare Rights Org.,*<br>     426 U.S. 26 (1976) | 5 |
| *Spokeo, Inc. v. Robins,*<br>     136 S.Ct. 1540 (2016) | 7 |
| *Steel Co. v. Citizens for a Better Environment,*<br>     532 U.S. 83 (1998) | 4 |
| *Steger v. Franco, Inc.,*<br>     228 F.3d 889 (8th Cir. 2000) | 5, 6 |
| *Tracy v. Bragg,*<br>     2011 WL 6002626 (W.D. Tex. Nov. 30, 2011) | 4 |
| *Walch v. Adjutant Gen. Dept. of Tex.,*<br>     533 F.3d 289 (5th Cir. 2008) | 4 |

OTHER AUTHORITIES:

| | |
|---|---|
| 28 C.F.R § 303 | 10 |
| 28 C.F.R. § 36.104 | 10 |
| 28 C.F.R. § 36.303(c)(1) | 10 |
| 28 C.F.R. § 36.104 | 6, 11, 12 |
| 28 U.S.C. § 1367(a) | 7-8 |
| 29 U.S.C. § 794(a) | 11, 12 |
| 42 U.S.C. § 12188 | 5 |
| 42 U.S.C. § 12188(a)(1) | 5 |
| 42 U.S.C. § 12201(a) | 12 |
| 42 U.S.C. § 12182(a) | 9 |
| 42 U.S.C. § 12101(a) | 5 |
| 45 C.F.R. § 92.4 | 13 |

|  | PAGE(S) |
|---|---|
| 81 C.F.R. § 31391 | 13 |
| *Fed. R. Civ. P.* 12(b)(1) | 1 |
| *Fed. R. Civ. P.* 12(b)(6) | 1, 9-10 |
| *Fed. R. Civ. P.* 12(h)(3) | 3 |
| TEX. HUM. RES. CODE, § 121.003 | 2, 15-16 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION No. 4-18-CV-00546-A |
| | § | |
| TOTAL EYE CARE, | § | |
| | § | |
| DEFENDANT. | § | |

---

**MOTION TO DISMISS PLAINTIFF'S *AMENDED COMPLAINT* (DOCKET NO. 20) FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT**

---

### MOTION TO DISMISS

Pursuant to *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6), Defendant Total Eye Care ("TEC"), ("Defendant") respectfully move to dismiss Plaintiff's *Amended Complaint* for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. The motion is based on the following grounds.

As a matter of law, the Court lacks subject matter jurisdiction over Plaintiff's federal claims because Plaintiff lacks standing to bring suit.

Because the Court has no original subject matter jurisdiction, the Court lacks supplemental jurisdiction over Plaintiff's state law claims.

Alternatively, assuming, *arguendo,* Plaintiff has standing and the Court has subject matter jurisdiction, the *Amended Complaint* should be dismissed because it fails to state a claim on which relief can be granted, either under federal law or state law.

1

If Plaintiff's federal claims are dismissed under Rule 12(b)(6), the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

## BRIEF IN SUPPORT

### A. INTRODUCTION:

This is a lawsuit purportedly brought by Plaintiff under TITLE III of the AMERICANS WITH DISABILITIES ACT ("ADA"), Section 504 of the REHABILITATION ACT, Section 1557 of the PATIENT PROTECTION AND AFFORDABLE CARE ACT ("AFFORDABLE CARE ACT"), and Section 121.003 of the TEXAS HUMAN RESOURCES CODE. Plaintiff, who claims to be "profoundly deaf" (Docket No. 20, ¶ 9) and "partially blind" (*id.*, ¶ 13), contends that Defendant failed to provide auxiliary aids and services necessary to accommodate her disabilities. Specifically, Plaintiff claims she refused to attend and cancelled a scheduled eye doctor appointment because Defendant would not guarantee that the American Sign Language ("ASL") interpreter it had assured her would be present for her examination would be a *certified* ASL interpreter.

### B. PLAINTIFF'S SPECIFIC ALLEGATIONS:

Plaintiff alleges that after breaking her glasses in May 2017, she sought an appointment with Defendant to see an eye doctor for a replacement prescription for lenses "filled was [*sic*] emergent." *id.*, ¶ 14.

Plaintiff contends she contacted Defendant's office and scheduled an appointment for May 8, 2017. *Id.*, ¶ 16. During the call, she claims she explained her alleged disabilities and "requested a sign language interpreter for the appointment." *Id.* Plaintiff expressly acknowledges that she was assured "that *Defendant's facilities provided services for deaf persons and for individuals*

2

*with visual impairm*ents" such as Plaintiff's alleged impairment. *Id.* (emphasis added).

Plaintiff also expressly acknowledges that Defendant *"agreed to provide an interpreter*[.]" *Id.,* ¶ 17 (emphasis added).

Plaintiff claims on May 5, 2017, she contacted Defendant's office "to follow up and ensure that an interpreter would be present at the May 8 appointment." *Id.,* ¶ 18. Plaintiff acknowledges twice being assured that one of Defendant's employees "knew sign language and would interpret for Plaintiff during her appointment" (*id.*) and the "staff member knew ASL and could interpret for [Plaintiff]." *Id.,* ¶ 24

However, Plaintiff insisted on a "certified" ASL interpreter (*id.,* ¶¶ 19, 23, 24, 28 and 30) claims "she did not feel comfortable" showing up for the appointment unless a "certified" ASL interpreter was provided. *Id.,* ¶ 24. Consequently, Plaintiff cancelled her scheduled appointment (*see* attached Exhibit A) because she *speculated* "she would not have been able to effectively communicate with her doctor" without a *certified* ASL interpreter. *Id.,* ¶ 30.

## ARGUMENT

### I.

**THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS BECAUSE, AS A MATTER OF LAW, PLAINTIFF LACKS STANDING AND HAS SUFFERED NO INJURY FOR WHICH THIS COURT CAN PROVIDE RELIEF UNDER FEDERAL LAW.**

### A. APPLICABLE LAW—*FED. CIV. P.* **12(B)(1):**

Lack of subject matter jurisdiction is a fundamental defect which cannot be waived and can be raised at any time, even for the first time on appeal. *E.g., Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506 (2006); *Arena v. Graybar Elec. Co.,* 669 F.3d 214, 223 (5th Cir. 2012); *Fed. R. Civ. P.* 12(h)(3). Once, as here, a

defendant seeks dismissal of a claim for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the existence of subject matter jurisdiction by a preponderance of the evidence. *E.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1962); *Irwin v. Veterans' Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub. nom., Irwin v. Dept. Vet. Affairs*, 498 U.S. 89 (1990) (preponderance of evidence); *Tracy v. Bragg*, 2011 WL 6002626, at 2 n. 21 (W.D. Tex. Nov. 30, 2011). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court may consider "'(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *E.g., Walch v. Adjutant Gen. Dept. of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (*quoting Robinson v. TCI/US West Comm., Inc.*, 117 F.3d 900, 904 (5th Cir. 1997); *Tracy v. Bragg, supra*, at 2 n. 20. The allegations in a plaintiff's pleading are not controlling. *E.g., S.R.P. v. United States*, 676 F.3d 329, 343 (3d Cir. 2012) ("The district court is the ultimate finder of fact on the jurisdictional question and is thus entitled to draw inferences in favor of the defendant if it determines that the evidence warrants such inferences.").

**B. PLAINTIFF LACKS STANDING UNDER THE ADA BECAUSE HER PLEADING NEGATES THAT SHE HAD ACTUAL KNOWLEDGE THAT DEFENDANT WOULD NOT PROVIDE HER WITH A QUALIFIED INTERPRETER:**

Before the merits of a case may be addressed, a court must find that a plaintiff has standing. *Steel Co. v. Citizens for a Better Environment*, 532 U.S. 83, 93–102 (1998); *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 303 (5th Cir. 2001). Standing is an issue of subject matter jurisdiction. *Id.* To demonstrate the "irreducible minimum of standing," a plaintiff must show an (1) injury in fact, (2) causation, and (3) redressability for each claim. *Cox*, 256 F.3d at 303.

4

The injury in fact requirement is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. at 560–61. To demonstrate causation, the plaintiff must show that the injury is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court.'" *Cox*, 256 F.3d at 304, *quoting Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). To prove redressability, the plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable [judicial] decision." *Id.*

TITLE III of the ADA prohibits discrimination against persons with disabilities by places of public accommodation and services operated by private entities. 42 U.S.C. § 12101(a). The only relief to which a plaintiff is entitled for violations of TITLE III is injunctive relief. 42 U.S.C. § 12188(a)(1). Therefore, to obtain injunctive relief under TITLE III of the ADA, a plaintiff must have standing. *Bentancourt v. Federated Dept. Stores*, 732 F.Supp.2d 693 (W.D. Tex. 2010).

The ADA expressly recognizes that a plaintiff need not have visited an establishment or requested service if the plaintiff knows doing so will result in discrimination. *See* 42 U.S.C. § 12188. TITLE III does not "require a person with a disability to engage in a futile gesture if such person has *actual notice* that a person or organization covered by this subchapter does not intend to comply with its provision." *Id.* (emphasis added). However, to invoke the "futile gestures" exception, an ADA plaintiff must demonstrate *actual knowledge* of noncompliance. *See, e.g., Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (plaintiff must at least prove knowledge of the building barriers and demonstrate that they would visit the building in the future, but for those

5

barriers); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136–37 (9th Cir. 2002) (an ADA plaintiff suffers an injury when they actually become aware of discriminatory conditions existing at a public accommodation and is thereby deterred from visiting or patronizing that accommodation); *Ramos v. Uber Technologies, Inc.*, 2015 WL 758087 at 7 (W.D. Tex. Feb. 20, 2015). Therefore, to have standing Plaintiff must have had actual notice that Total Eye Care was not in compliance with the ADA. *Id.* As a matter of law, Plaintiff's Amended Complaint affirmatively negates any such actual knowledge.

Plaintiff alleges a few phone calls with Defendant in which hypotheticals regarding the qualifications as an ASL interpreter of Total Eye Care's employee were discussed. Docket No. 20, ¶¶ 15-30. Plaintiff, by her own admission, never attended her appointment with Defendant. *Id.*, ¶ 30). In fact, Plaintiff cancelled the appointment. Exhibit A. Because Plaintiff cancelled her appointment, never met Total Eye Care's employee-ASL-interpreter, never attempted to actually communicate with the employee through ASL, Plaintiff cannot have had actual knowledge that the employee-interpreter was incapable of effectively, accurately, and impartially interpreting, as required by the ADA. *See* 28 C.F.R. § 36.104. Therefore, as a matter of law, Plaintiff does not have the requisite actual knowledge of an ADA violation in order to invoke the futile gestures exception under the ADA. *Steger*, 228 F.3d at 892; *Pickern*, 293 F.3d at 1136–37; *Ramos v. Uber Technologies, Inc.*, 2015 WL 758087 at 7. Accordingly, Plaintiff has not suffered an injury in fact and does not have standing to sue under the ADA.

## C. Plaintiff's Also Lacks Standing Under The Rehabilitation Act Because The Alleged Future Injury Is Entirely Speculative And, Consequently, Cannot Support Injunctive Relief:

A past statutory violation alone is insufficient to establish a concrete risk of future harm to establish standing for injunctive relief. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir, 1998). Here, Plaintiff cannot even establish a past statutory violation under the Rehabilitation Act or Affordable Care Act to warrant a fear of future discrimination since she cancelled her appointment and never made an actual attempt to use Defendant's services to determine if the employee-interpreter was qualified or a reasonable accommodation. Docket No. 20, ¶ 30. Plaintiff merely *assumed* the employee-interpreter was insufficiently qualified and the allegation in the *Amended Complaint* (*id.*) that "she would not have been able to effectively communicate with her doctor" through the employee-interpreter is pure speculation.¶

Further, Plaintiff had never sought health care services from Defendant before or after May 2017. *See* Exhibit A. Therefore, Plaintiff's alleged prospective injury is entirely speculative, hypothetical, and premature. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Accordingly, there is no injury and there is no ability for this Court to provide redress. *Cox*, 256 F.3d at 303. Consequently, Plaintiff lacks standing under the Rehabilitation Act and Affordable Care Act.

## II.

## BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS, AS A MATTER OF LAW THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM.

Supplemental jurisdiction over a state law claim exists under 28 U.S.C. § 1367(a) if the state claim is related to "claims in the action *within [the district*

*court's] original jurisdiction*[.]" *Id.* (emphasis added).[3] Because the Court lacks subject matter jurisdiction over Plaintiff's federal claims there is no "original jurisdiction" which can give rise to supplemental jurisdiction under § 1367. Accordingly, Plaintiff's state law claim(s) must also be dismissed for lack of jurisdiction.

## III.

### EVEN ASSUMING, *ARGUENDO,* THE EXISTENCE OF STANDING AND SUBJECT MATTER JURISDICTION, PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

#### A. APPLICABLE LAW—*FED. R. CIV. P.* 12(B)(6):

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by *Fed. R. Civ. P.* 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly,* 550 U.S. at 555 & n. 3. Thus, although a court must accept all well-pleaded factual allegations in the complaint as true, it need not credit bare legal conclusions which are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("While legal conclusions can

---

[3] Section 1367(a) states (emphasis added): "[I]n any civil action *of which the district courts have original jurisdiction,* the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action *within such original jurisdiction* that they form part of the same case or controversy under Article III of the United States Constitution."

provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Id.* at 678. Under a Rule 12(b)(6) analysis, "'the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (*quoting Iqbal*, 556 U.S. at 678). To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Twombly*, 556 U.S. at 566–69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (internal citation omitted).

## B. PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER THE ADA BECAUSE SHE NOT NECESSARILY ENTITLED TO A CERTIFIED INTERPRETER:

To make out a claim for violating TITLE III of the ADA, Plaintiff must establish that (1) she is disabled, (2) that Defendant is a private entity that owns, leases, or operated a place of public accommodation, and (3) Defendant discriminated against plaintiff because of Plaintiff's disability. 42 U.S.C. § 12182(a). Plaintiff has failed to allege a plausible right to relief under the ADA.

TITLE III of the ADA provides that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective

communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). Appropriate auxiliary aids and services may include the services of a *qualified* interpreter, not a "certified" one. 28 C.F.R § 303. Under the ADA, a *qualified* interpreter is defined as one who "is able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary." 28 C.F.R. § 36.104. There is no requirement in the regulation that an interpreter be "certified" by any particular body, organization, or governmental entity. *Id.* In fact, the ADA National Network contends that a *certified* interpreter may not meet the standard of *qualified* interpreter in all situations because the interpreter may not be familiar with the specialized vocabulary necessary to communicate effectively and accurately. *Sign Language Interpreters*, ADA National Network, 2 (2017). *See* https://adata.org/sites/adata.org/files/files/Quick%20Tips%20Sign%20Lang uage%20Interpreters%202-up%2C%20final%202018.pdf.

Here, Plaintiff expressly admits that she was informed several times that Defendant had on staff an employee—one who was, necessarily, familiar with medical and other terminology customarily used during patient examinations— who was experienced and qualified in ASL interpretation. Defendant was not in violation of the ADA merely because the interpreter was not "certified."

Defendant was only required to provide a *qualified* interpreter who was able to interpret effectively, accurately, and impartially. 28 C.F.R. § 36.104. Because Plaintiff admittedly cancelled her appointment, all of Plaintiff's allegations concerning the qualifications of the employee-interpreter are pure speculation and need not be credited by the Court. *Ashcroft v. Iqbal*, 556 U.S. at 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). *Twombly*, 550 U.S. at 555 & n. 3 (plaintiff must do more than simply allege legal conclusions). Plaintiff is not

10

entitled to the interpreter of her choice. *See, e.g., Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, 343 (11th Cir. 2012). Therefore, Plaintiff has failed to allege specific facts sufficient to "'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d at 401.

### C. Plaintiff Fails To State A Claim Under The ADA And Rehabilitation Act Because The Law Does Not Guarantee Her The Accommodation Of Her Choice:

Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Specifically, Section 504 provides that no qualified person with a disability "shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The ADA and the Rehabilitation Act are to be interpreted together *in pari materia. Kemp v. Holder*, 610 F.3d 231, 234–35 (5th Cir. 2010); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287–88, 289 n. 76 (5th Cir. 2005) (*en banc*). Moreover, "nothing in [the ADA] shall be construed to apply a lesser standard than the standard applied title V [*i.e.*, § 504] of the Rehabilitation Act . . . or the regulations issued by Federal agencies pursuant to such title." *See Frame*, 657 F.3d at 223–24, *quoting* 42 U.S.C. § 12201(a).

The Rehabilitation Act does not provide for a definition of a qualified interpreter. *See* 29 U.S.C. § 794. However, the ADA defines a qualified interpreter as one who "is able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary." 28 C.F.R. § 36.104. Because Congress intended for the ADA and the Rehabilitation Act to be interpreted *in pari materia,* the ADA's definition of qualified interpreter should be applied to the Rehabilitation Act. *See Frame,*

11

657 F.3d at 223–24, *quoting* 42 U.S.C. § 12201(a). Accordingly, like the ADA, a *qualified* interpreter under the REHABILITATION ACT does not necessarily mean a "certified" interpreter. 28 C.F.R. § 36.104.

To make a claim for compensatory damages under the REHABILITATION ACT, the plaintiff must show that (1) their rights were violated under the Section 504, and (2) the defendant did so with discriminatory intent. *Cambell v. Lamar Institute of Technology*, 842 F.3d 375, 380 (5th. Cir. 2016); *Martin v. Halifax Healthcare System, Inc.*, 621 Fed. App'x. 594, 603–04 (11th Cir. 2015). Discrimination under the REHABILITATION ACT includes failure to make reasonable accommodations. 29 U.S.C. § 794(a). However, the duty to provide reasonable accommodations does not impose a duty to provide the plaintiff with the accommodation of her choice. *See Martin*, 621 Fed. App'x. at 601–02 (denial of a request for a specific auxiliary aid does not always create liability under the ADA or REHABILITATION ACT because "construing the regulations in this manner would effectively substitute 'demanded' auxiliary aid for 'necessary' auxiliary aid.") *See id. quoting Liese*, 701 F.3d at 343; *see also Campbell*, 842 F.3d at 381 (an institution is not duty bound to acquiesce in and implement every accommodation a disabled individual demands).

Here, Plaintiff alleges she did not show up for her appointment simply because she *assumed* she would not have been able to effectively communicate with her doctor through the employee-interpreter. Docket No. 20, ¶ 30. Plaintiff cancelled her appointment simply because her demand for a particular accommodation was not guaranteed in advance. *Id.*, ¶¶ 19–30. Plaintiff was not entitled in advance to a guarantee of the interpreter of her choice. *Martin*, 621 Fed. App'x. at 601–02; *Campbell*, 842 F.3d at 381. Therefore, Plaintiff's *Amended Complaint* fails to state a claim for which relief may be granted under

the ADA and Rehabilitation Act. The allegations of Plaintiff's pleading fail to establish a plausible right to relief.

### D. Plaintiff Fails To State A Claim Under The Affordable Care Act Because She Was Never Deprived of a Qualified Interpreter:

For an individual with limited English proficiency, The Affordable Care Act's definition of a qualified interpreter is "an interpreter who via remote interpreting service or an on-site appearance: (1) [a]dheres to generally accepted interpreter ethics principles, including client confidentiality; (2) has demonstrated proficiency in speaking and understanding both spoken English and at least one other spoken language; and (3) is able to interpret effectively, accurately, and impartially, both receptively and expressly, to and from such language(s) and English, using any necessary specialized vocabulary, terminology and phraseology." 45 C.F.R. § 92.4.

Plaintiff's Affordable Care Act allegations are merely a regurgitation of her ADA and Rehabilitation Act contentions, *i.e.*, her accusation Defendant violated the statute by refusing in advance to guarantee her the accommodation of her choice—a "certified" ASL interpreter. The allegations fail to state a claim for reasons similar to those stated above. An interpreter need not be licensed under state law, and is only required to have relevant proficiency to satisfy the Affordable Care Act. 81 C.F.R. § 31391. Plaintiff was not entitled to the accommodation of her choice and—again—because Plaintiff cancelled her appointment she cannot establish that the employee-interpreter would not be "able to interpret effectively, accurately, and impartially, both receptively and expressly, to and from such language(s) and English, using any necessary specialized vocabulary, terminology and phraseology." 45 C.F.R. § 92.4. All allegations in her pleading to the contrary are, necessarily, speculation and conjecture, insufficient to establish a plausible right to relief.

### E. PLAINTIFF FAILS TO STATE A CLAIM UNDER STATE LAW:

Plaintiff purports to allege a violation of Texas law, TEX. HUM. RES. CODE, § 121.003, predicated on the same factual allegations as her federal claims. Docket No. 20, ¶¶ 73-81. As a matter of law, Plaintiff's allegations fail to state a claim because § 121.003 "[b]y its own terms, [§ 121.003] applies to the *admission and access to public facilities.*" *Dabney v. Highland Park Indep. Sch. Dist.*, 2016 WL 1273467, at 5 (N.D. Tex. Mar. 31, 2016). *Accord Sadik v. Univ. of Houston*, 2005 WL 1828588, at 9 (S.D. Tex. Aug. 1, 2005) ("As its terms indicate, that provision applies primarily to physical access to public facilities[.]"). Plaintiff does not allege—and cannot establish—that she was denied access or admission to any public facility. *See Dabney*, *supra* (dismissing § 121.003 claim where plaintiffs failed to allege denial of physical access to the building).

### IV.

### ASSUMING, *ARGUENDO*, THAT THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS, BUT THAT THOSE CLAIMS FAIL TO STATE A CLAIM UNDER RULE 12(B)(6), THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM.

If the Court concludes that it has subject matter jurisdiction over Plaintiff's federal claims, *i.e.*, that Plaintiff has standing, but that the federal claims should be dismissed under Rule 12(b)(6), the Court should decline to exercise pendent jurisdiction over Plaintiff's state law claim. *See, e.g., Brookshire Bros Holding v. Dayco Prods.*, 554 F.3d 595, 602 (5th Cir. 2009) (the court may "decline to exercise supplemental jurisdiction over remaining state law claims when all federal law claims are eliminated."); *MacClymonds v. IMI Investments, Inc.*, 2007 WL 1306803, at 7 (S.D. Tex. Apr. 5, 2007) (recommending summary judgment for defendant on ADA and Rehabilitation Act claims, and dismissal of

14

pendent state law claims under TEX. HUM. RES. CODE § 121.003); <u>Martinson v. Via Metro. Transit</u>, 2006 WL 3062652, at 5 (W.D. Tex. Oct. 4, 2006) (remanding disability discrimination claims under § 121.003 following dismissal of ADA and REHABILITATION ACT claims).

<u>**CONCLUSIONS AND REQUESTED RELIEF**</u>

For all of the foregoing reasons, Defendant's motion to dismiss must be, in all things, **GRANTED**.

Respectfully submitted,

**FARSHEED FOZOUNI**
Texas State Bar No. 24097705
**JOHN L. ROSS**[4]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
E-mail: ffozouni@thompsoncoe.com
E-mail: jross@thompsoncoe.com

**ATTORNEYS FOR TOTAL EYE CARE**

---

[4] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

## CERTIFICATE OF SERVICE

Pursuant to the Court's *Standing Order*, signed August 29, 2008, I certify a true and correct copy of the foregoing document and all attachments/exhibits was filed in traditional paper form on this 8th day of November 2018. A copy of the foregoing document and all attachments/exhibits were the same date, also served on all parties of record by first-class mail, postage prepaid.

_____

**FARSHEED FOZOUNI**

16

**EXHIBIT A**



## Cummings, Jane

Home # ( ) -
Work # ( ) -
Preferred Contact Method

Cell #
Other # ( ) -
Cell Phone

Alert Comment
Misc/ Guardians

Account #        46785
SS#              000-00-
Birthdate                          Age:  46
Doctor            No Doctor Assigned

| Primary Location | 2: Keller |
| Insurance Balance | 0.00 |
| Patient Balance | 0.00 |
| Last Exam | |
| Last Paid | |
| Last Frame Order | |
| Last CL Order | |
| Courtesy Discount | 0% |

**Print Prev Appts**

Next Appointments
None

| Date | Time | Emp. | Billin.... | Type | Status |
|------|------|------|-----------|------|--------|

Previous Appointments

| Date | Time | Emp. | Billin.... | Type | Status |
|------|------|------|-----------|------|--------|
| 05/08/2017 | 4:30 PM | RAD | | EYE E.. | Cancelled |

Insurance

| Type | Insurance | Copay |
|------|-----------|-------|
| Primary Vision | NO INSURANCE | 0.00 |
| Primary Medical | NO INSURANCE | 0.00 |

Linked Accounts

| Name | Age | Last Exam | Next Ex... | Balance | Ins Balance |
|------|-----|-----------|-----------|---------|-------------|

No Image Available

Scan Image    Find Image

☐ Card Shape

Rotate Image

Remove Image

# THOMPSON
## COE

Thompson, Coe, Cousins & Irons, L.L.P.
Attorneys and Counselors

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
RECEIVED

2018 NOV -8 PM 4: 35

DEPUTY CLERK_____

John L. Ross
Direct Dial: (214) 871-8206
Mobile: (214) 498-3282
jross@thompsoncoe.com
Board Certified in Labor & Employment Law
Board Certified in Civil Trial Law
Texas Board of Legal Specialization
Member, Association of Attorney Mediators

Austin
Dallas
Houston
Los Angeles
New Orleans
Saint Paul

November 8, 2018

***Via Hand Delivery***
Ms. Karen Mitchell, District Clerk
U.S. District Court for the
Northern District of Texas
Fort Worth Division
501 W. 10th Street, Room 310
Fort Worth, Texas 76102

RE:     Cause No. 4:18-cv-00546-A; *Jane Cummings v. Total Eye Care*, In the United
States District Court for the Northern District of Texas, Fort Worth Division

Dear Clerk:

Pursuant to the Honorable Judge John McBryde's Standing Order, enclosed for filing is, an original and three (3) copies of Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim and Brief in Support in the above referenced matter. Please file and return a file stamped copy to the waiting courier.

Please let me know if you have any questions.

Very truly yours,

JOHN L. ROSS

JLR/bj
Encl.

Plaza of the Americas | 700 N. Pearl Street, Twenty-Fifth Floor | Dallas, TX 75201-2832 | (214) 871-8200 | Fax: (214) 871-8209