IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



JANE CUMMINGS, §
 §
 Plaintiff, §
 §
VS. § NO. 4:18-CV-546-A
 §
TOTAL EYE CARE, §
 §
 Defendant. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, North Texas Total Eye Care, PA, d/b/a Total Eye Care ("Total Eye Care"), to dismiss. The court, having considered the motion, the response of plaintiff, Jane Cummings ("Cummings"), the reply, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Allegations

On July 3, 2018, Cummings initiated this action by the filing of her original complaint. Doc. 1.[1] She filed her amended complaint on October 10, 2018. Doc. 20. In summary form, Cummings alleged the following in her amended complaint:

She is deaf, her first and primary language is American Sign Language ("ASL"), and, because of her deafness, she has limited

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:18-CV-546-A.

proficiency in spoken and written English. Id. at 3 ¶¶ 9, 11. Cummings also is legally blind due to albinism, and, as a result, she cannot communicate effectively in writing. Id. at 3 ¶¶ 12-13.

In May 2017, Cummings's eyeglasses broke, causing her to contact Total Eye Care to make an appointment to obtain a new prescription and eyeglasses. Id. at 3-4 ¶¶ 14-15. She scheduled an appointment for May 8, 2017. Id. at 4 ¶ 16. Cummings explained to Total Eye Care her albinism and blindness and requested an interpreter, and Total Eye Care agreed to provide one. Id. at 4 ¶¶ 16-17.

On May 5, 2017, Cummings called Total Eye Care, which said that a staff member, "Meghan," who knew sign language, would interpret for her. Id. at 4 ¶ 18. Cummings asked if Meghan was a certified interpreter, and Total Eye Care replied that she was not. Id. at 4 ¶ 19. She then requested a certified interpreter, and Total Eye Care responded that, if Cummings could not understand Meghan, it would communicate in writing. Id. at 4 ¶¶ 19-20. Cummings replied that, because of her visual impairment, she cannot communicate effectively in writing. Id. at 4 ¶ 21. The same day, She then contacted a Total Eye Care office manager, Lisa Shoemaker ("Shoemaker"), who repeated that Meghan would interpret for her and declined to provide her a certified interpreter. Id. at 5 ¶¶ 23-25.

2

On May 8, 2017, Cummings again contacted Shoemaker, who again said that Total Eye Care would not provide a certified interpreter. Id. at 5 ¶ 28. A Total Eye Care staff member added that it does not serve people with albinism. Id. at 5 ¶ 29. Cummings did not attend her appointment on May 8, 2017, and received eyeglasses from a different optometrist on May 26, 2017. Id. at 6 ¶¶ 30-32. Total Eye Care's discrimination caused her to "suffer humiliation, frustration, and emotional distress." Id. at 6 ¶ 36. She "still wishes to access Defendant's services and receive care in Defendant's facilities." Id. at 6-7 ¶ 37.

Total Eye Care discriminated against her on the basis of disability by denying her a qualified interpreter, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12182(a) (id. at 9 ¶ 50), the Rehabilitation Act ("RA"), 29 U.S.C. § 794 (id. at 10 ¶ 58-59), the Affordable Care Act ("ACA"), 42 U.S.C. § 18116 (id. at 11 ¶ 68), and Tex. Hum. Res. Code ("THRC") § 121.003 (id. at 12 ¶ 79).

\* \* \* \* \* \*

Cummings sought in her complaint a declaratory judgment that Total Eye Care, in violation of the ADA, RA, ACA, and THRC, discriminated against her on the basis of disability. Id. at 13 ¶ (a). She also requested injunctive relief, compensatory and exemplary damages, and attorney's fees and costs for Total Eye

Care's alleged violations of the ADA, RA, ACA, and THRC. Id. at 13 ¶¶ (b)-(d). Cummings withdrew her claim under Tex. Hum. Res. Code § 121.003, however, in her response to Total Eye Care's motion to dismiss. Doc. 31 at 4 n.3.

II.

Grounds of the Motion

Total Eye Care moved to dismiss Cummings's complaint for lack of subject matter jurisdiction, based on its argument that she lacks standing, and failure to state a claim upon which relief can be granted.

III.

Analysis

Total Eye Care contends, and has made a persuasive argument, that this court lacks subject matter jurisdiction because Cummings lacks standing. However, the court is assuming, arguendo, that standing exists, and is basing its decision on plaintiff's failure to state a claim upon which relief could be granted.

A.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

4

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

B. <u>No Plausible Claim of Discrimination on the Basis of Disability Has Been Alleged</u>

Cummings claimed that three federal statutes -- the ADA, the RA, and the ACA -- entitle her to relief. Each statute prohibits discrimination against people on the basis of disability, but each statute is enforced against a different kind of entity: the ACA applies to public accommodations, 18 U.S.C. § 18116, the RA applies to federally-funded programs and activities, 29 U.S.C. § 794(a), and the ACA applies to federally-funded health programs and activities, 42 U.S.C. § 12182(a).

Even though the ADA and RA apply to different kinds of entities, courts judge claims made under those statutes by the same legal standards. <u>Kemp v. Holder</u>, 610 F.3d 231, 234 (5th Cir. 2010) (per curiam). Jurisprudence interpreting either statute is applicable to both. <u>Delano-Pyle v. Victoria Cty.</u>, 302 F.3d 567, 574 (5th Cir. 2002). And, the ACA incorporates the RA by reference. 18 U.S.C. § 18116. As a result, the same analysis applies to each of Cummings's federal law claims. <u>See, e.g.</u>, <u>Bernius v. Ochsner Med. Ctr. - N. Shore, LLC</u>, No. 16-14730, 2016

WL 10586188, at *3 (E.D. La. Dec. 15, 2016) (applying analysis of plaintiff's RA claim to ACA claim); Borum v. Swisher Cty., No. 2:14-CV-127-J, 2014 WL 4874541, at *9 (N.D. Tex. Sept. 29, 2014) (analyzing ADA and RA claims together as one claim).

Cummings claimed that Total Eye Care violated each of these statutes by discriminating against her on the basis of disability. Doc 20 at 9 ¶ 50, 10 ¶ 58-59, 11 ¶ 68, 12 ¶ 79; Doc. 31 at 5-8. Discrimination on the basis of disability includes a failure to provide the "auxiliary aids and services" necessary to treat people with disabilities equally, 42 U.S.C. § 12182(b)(2)(A)(iii); 45 C.F.R. § 84.52(d)(1), or to ensure effective communication, 28 C.F.R. § 36.303(c)(1). Auxiliary aids and services include "qualified interpreters." 42 U.S.C. § 12103(1)(A). A qualified interpreter is an interpreter who can "interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary." 28 C.F.R. § 35.104. Nothing in the statute or regulations requires that an interpreter be certified to be qualified.

Here, Cummings failed to plead facts that would allow the court to infer that she has a plausible right to relief under the ADA, RA, or ACA. She claimed that Meghan's lack of certification shows that she is unqualified. But, Cummings did not allege any

7

facts that would support an inference that lack of certification indicates that an interpreter is unable to interpret effectively, accurately, and impartially, or that Meghan did not have that ability.

Cummings also claimed that Total Eye Care's offer to communicate in writing if she could not understand Meghan's signing shows that Meghan is unqualified. But, Cummings did not indicate how Total Eye Care's offer of an alternative means of communication, in response to her protest of its choice of Meghan as her interpreter, is related to Meghan's ability to interpret effectively, accurately, and impartially.

Cummings alleged no other facts bearing on Meghan's qualifications as an interpreter. She cancelled her appointment with Total Eye Care, Doc. 20 at 6 ¶ 30, preventing her from evaluating Meghan's interpreting skills. She did not allege that Meghan's interpreting was inadequate, only that she assumed that Meghan's signing would be inadequate based on her lack of certification and the offer to communicate in writing. Neither of these facts is related to Meghan's effectiveness. As a result, Cummings failed to allege facts from which the court can reasonably infer that Total Eye Care failed to provide her a qualified interpreter. Therefore, the court cannot conclude that the ADA, RA, or ACA gives Cummings a plausible right to relief.

For that reason, the court finds that Cummings's claims under the ADA, RA, and ACA should be dismissed.

\*\*\*\*\*\*

In the final paragraph of plaintiff's response to the motion to dismiss, plaintiff seems to be suggesting that the court authorize her to file another amended complaint. Doc. 31 at 8-9.

Local Civil Rule LR 5.1(c) requires that any document containing more than one pleading, motion, or other paper "clearly identify each pleading, motion, or other paper in its title." Local Civil Rule 15.1(a) further provides:

> When a party files a motion for leave to file an amended pleading . . . , the party must attach a copy of the proposed amended pleading as an exhibit to the motion. The party must also submit with the motion an original and a judge's copy of the proposed pleading.

Plaintiff's request does not comply with any of these requirements. Plaintiff's response does not identify any motion for leave to amend in its title. Plaintiff did not attach a copy of her proposed amended complaint as an exhibit, and she did not submit an original or judge's copy of a proposed amended complaint.

Because of her noncompliance, the court does not consider that she actually made a motion for leave to amend. Moreover, even if the court were to interpret what she said as a motion for

leave, the court could not evaluate the merit of such a motion without any knowledge of what another amended complaint might say. Therefore, the court is not granting plaintiff leave to replead again.

IV.

Conclusion and Order

Because Cummings failed to state a claim upon which relief can be granted, this court finds that Total Eye Care's motion to dismiss should be granted. Therefore,

The court ORDERS that Total Eye Care's motion to dismiss be, and is hereby, granted, and Cummings's claims in the above-captioned action be, and are hereby, dismissed.

SIGNED January 3, 2019.

_____
JOHN McBRYDE
United States District Judge